**HICKS, Appellant v. CURRIE, et, Appellees.**

Ohio Appeals, First District, Hamilton County.

No. 6469.    Decided January 15, 1945.

Fred L. Hoffman, Cincinnati, for appellant.
David Howe, Cincinnati, for appellees.

## OPINION

By ROSS, P. J.

This is an appeal on questions of law from the Municipal Court of Cincinnati, wherein judgment was rendered for the defendents. The case was tried to the court without a jury. A narrative bill of exceptions is presented. In the petition, plaintiff alleged that the defendants had executed a contract to purchase certain real estate owned by plaintiff, for the sum of $3800.00, and that they had refused to perform

such contract, although the plaintiff had performed all things required of him by the contract. He alleged special items of damage caused by the breach of the contract.

The defendants filed a joint answer in which they specifically admit the execution of such contract and that they agreed to purchase such real estate for the sum of $3800.00. They further state: "that at the time of signing said agreement and prior thereto they informed the plaintiff's agent, in charge of selling such property, that they could not afford to make very large payments on the purchase price; and that the said agent thereupon promised the defendants that if they would pay five hundred ($500.00) dollars down, **they could pay off the balance of the purchase** price at the rate of twenty-four and 75/100 ($24.75) dollars per month." (Emphasis added.) They further allege that, relying upon said promise they executed the contract, but that later said agent notified them the payments must be $40.00 per month; that they could not afford to make such payments. The defendants prayed for the return of $100.00 down payment and for cancellation of the contract. A reply, essentially a general denial, was filed.

Separate findings of fact and law were made by the court and filed. The findings of fact are little more than a recital of the evidence presented, and contain substantially the same statements contained in the narrative bill of exceptions.

The contract was admitted in evidence. It contains a statement that the defendants agreed to pay the sum of $3800.00, "payable in the following manner." Then follows a blank space. The manner of payment is nowhere stated in the contract. A copy of the contract of plaintiff with his agent was also admitted in evidence. Of course, this contract was in no way binding upon the defendants, but its admission was proper as tending to show authority of the agent, since it showed the agent with whom they dealt, his signature appearing thereon.

One of the defendants testified, as follows:

"x x x x that he had a conversation with the agent of the Colonial Realty Company, Mr. Brooks, prior to the signing of said contract (Plaintiff's Exhibit 1) by the defendants; that said conversation took place in the absence of the plaintiff and the plaintiff's wife; that in said conversation the defendants informed the real estate agent, Mr. Brooks, that they could not pay more than $24.75 per month on the balance of the purchase price above the down payment, and that said real estate agent, Mr. Brooks, **said that he could get them a loan with a building and loan providing for repay-**

**ment thereof at the rate of $24.75 per month** and they relying on said promise of Mr. Brooks signed said contract to purchase said premises described in plantiff's exhibit 1, x x." (Emphasis added.)

It is stated in the bill of exceptions that the other defendant would testify in the same manner. Objection was made to all of such testimony.

(1) The defendants could have introduced evidence explaining the patent ambiguity in the contract, caused by the unfinished statement as to manner of payment of the purchase price. **9 O. Jur., p. 410, section 185.**

The answer of defendants contained allegations, as quoted supra, so explaining such ambiguity or uncertainty, but the evidence of defendants wholly failed to sustain such allegations or offer any explanation of the defect in the contract. The evidence of the defendants as to the promises of the agent was not in line with such allegations. Such promises were the individual assurance of such agent, and there is not the slightest evidence that he had any authority to make such statements, and the testimony of the defendants shows that such sub-agent was speaking for himself alone.

(2) Such variation in the evidence and allegations of the answer does not constitute a "variance" as is described in §§11556, 11557, GC, but is a failure of proof, such as is described in §11558, GC. The plaintiff is not bound by the unauthorized voluntary promises of its agent or sub-agent in assuring the defendants that he would secure a loan for them.

As the case stood at the close of the evidence, the plaintiff had proved a written contract, by which the defendants promised to purchase his property for the sum of $3800.00. The defendants admitted that they had executed such contract. There was definite evidence that through no fault of plaintiff, they had refused to perform. The plaintiff had proved his damage and was entitled to judgment. The question of the amount of damages was a question of fact, which this court may not pass upon, even though the evidence is undisputed. In **Re Estate of Johnson, etc., 142 Oh St 49.** For such error, prejudicial to the plaintiff, the judgment of the Municipal Court of Cincinnati is reversed and the cause remanded to that court for further proceedings in accordance with law.

ROSS, P J., HILDEBRANT & MATTHEWS, J. J., concur in Syllabi & Opinion.